# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LUCIUS LARKE III

**(b)** County of Residence of First Listed Plaintiff: **Philadelphia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mary Kramer; Murphy Law Group, LLC; 1628 John F. Kennedy Blvd., Ste. 2000, Philadelphia, PA, 19103; 267-273-1054

### DEFENDANTS
TASTY BAKING COMPANY

County of Residence of First Listed Defendant: **Philadelphia**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [x] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. § 2601, et seq.

Brief description of cause:
FMLA interference and retaliation

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- DEMAND $
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY *(See instructions)*:
JUDGE _____ DOCKET NUMBER _____

DATE: Dec 22, 2022
SIGNATURE OF ATTORNEY OF RECORD: /s/ Mary Kramer

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __4642 D Street, Philadelphia, PA 19120__

Address of Defendant: __4300 S 26th Street, Philadelphia, PA 19112__

Place of Accident, Incident or Transaction: __4300 S 26th Street, Philadelphia, PA 19112__

---

*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [✓]

I certify that, to my knowledge, the within case [ ] is / [●] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __12/22/2022__   __Mary Kramer__   __324078__
                       *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
- [ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
- [ ] 2. FELA
- [ ] 3. Jones Act-Personal Injury
- [ ] 4. Antitrust
- [ ] 5. Patent
- [ ] 6. Labor-Management Relations
- [ ] 7. Civil Rights
- [ ] 8. Habeas Corpus
- [ ] 9. Securities Act(s) Cases
- [ ] 10. Social Security Review Cases
- [✓] 11. All other Federal Question Cases
   *(Please specify):* __Family and Medical Leave Act__

B. *Diversity Jurisdiction Cases:*
- [ ] 1. Insurance Contract and Other Contracts
- [ ] 2. Airplane Personal Injury
- [ ] 3. Assault, Defamation
- [ ] 4. Marine Personal Injury
- [ ] 5. Motor Vehicle Personal Injury
- [ ] 6. Other Personal Injury *(Please specify):* _____
- [ ] 7. Products Liability
- [ ] 8. Products Liability – Asbestos
- [ ] 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Mary Kramer__, counsel of record *or* pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: __12/22/2022__   __Mary Kramer__   __324078__
                       *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| LUCIUS LARKE III : <br> 4642 D Street : <br> Philadelphia, PA 19120 : <br>     Plaintiff, : <br> : <br> v. : <br> : <br> TASTY BAKING COMPANY : <br> 4300 S 26th Street : <br> Philadelphia, PA 19112 : <br>     Defendant. : | CIVIL ACTION NO.: _____ <br><br><br><br> **JURY TRIAL DEMANDED** |

---

## COMPLAINT – CIVIL ACTION

Plaintiff, Lucius Larke III ("Plaintiff"), by and through his undersigned attorney, for his Complaint against Tasty Baking Company ("Defendant"), alleges as follows:

## INTRODUCTION

1. Plaintiff brings this Complaint contending that Defendant interfered with the exercise of his rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.* and retaliated against Plaintiff for attempting to exercise his rights under the same.

## PARTIES

2. Plaintiff is a citizen of the United States and the Commonwealth of Pennsylvania, and currently maintains a residence at 4642 D Street, Philadelphia, PA 19120.

3. Upon information and belief, Defendant is a for-profit corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business at 4300 S 26th Street, Philadelphia, PA 19112.

1

**JURISDICTION AND VENUE**.

4. Paragraphs 1 through 3 are hereby incorporated by reference as though the same were fully set forth at length herein.

5. This is an action authorized pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil action arising under the laws of the United States.

7. The venue in this district is proper to 28 U.S.C. § 1391, inasmuch as Defendant resides in this district and the events giving rise to this action occurred in this district

**FACTUAL BACKGROUND**

8. Paragraphs 1 through 7 are hereby incorporated by reference, as though the same were fully set forth length herein.

9. Upon information and belief, Defendant has employed approximately five hundred (500) employees within a seventy-five (75) mile radius of Plaintiff's worksite in Philadelphia, PA during at least twenty (20) workweeks in 2022, 2021, and 2020.

10. On or around July 12, 2012, Defendant hired Plaintiff into the position of machine operator/mixer operator.

11. Throughout the course of his employment with Defendant, Plaintiff performed his job well, receiving occasional praise for his work, positive feedback concerning his employment, and no discipline.

12. On or around October 7, 2021, Plaintiff's son was born.

13. Plaintiff's son was born premature and required ongoing medical attention after his birth.

14. After Plaintiff's son was born, and knowing that his son would need extra care due to being born premature, Plaintiff spoke with Hayley Angeline ("Ms. Angeline"), Defendant's Assistant Director of Human Resources, about taking leave under the Family Medical Leave Act.

15. Ms. Angeline directed Plaintiff to speak with Defendant's third-party leave provider, ReedGroup, so that Plaintiff could request FMLA leave.

16. On or around October 8, 2021, Plaintiff submitted a request for continuous leave from October 7, 2021 through October 15, 2021 for care of his newborn soon.

17. Plaintiff's continuous leave request for the care of his newborn son for the period of October 7, 2021 through October 15, 2021 was approved on or around October 15, 2021; Plaintiff was expected to return to work on October 17, 2021, at which time he had 432 hours of FMLA leave remaining.

18. Plaintiff subsequently requested intermittent leave under the FMLA for the period of October 27, 2021 through April 27, 2022; Plaintiff was notified that ReedGroup had received his request on or around October 28, 2021.

19. On or around November 4, 2021, Plaintiff was notified that his intermittent leave request for the period of October 27, 2021 through April 27, 2022 had been approved.

20. As of November 4, 2021, Plaintiff had 432 hours, or 10.8 weeks, of FMLA leave remaining.

21. On or around February 23, 2022, Plaintiff was presented with an Unsatisfactory Attendance Form, which included the disciplinary action of "final written warning."

22. According to the final written warning, if Plaintiff were to "incur another attendance infraction, regardless of type or reason" he would be issued the "correct level of discipline to correspond with [his] current attendance points up to and including dismissal."

23. Upon information and belief, Plaintiff was given attendance points on at least five (5) separate occasions, between November 7, 2021 and April 1, 2022, when he attempted to use his intermittent FMLA time for the care of his son but that time was denied.

24. Specifically, Plaintiff was denied the use of his intermittent FMLA time on the following dates:

- November 7, 2021 – 8 hours;
- December 8, 2021 – 8 hours;
- February 25, 2022 – 8 hours;
- March 15, 2022 – 3 hours; and
- April 1, 2022 – 8 hours.

25. On or around April 22, 2022, Plaintiff submitted a request for an extension of his intermittent FMLA leave through October 26, 2022.

26. At the time Plaintiff submitted his request for an extension of his intermittent FMLA leave, he still had 377.5 hours, or 9.44 weeks, of leave time remaining.

27. Plaintiff's request for an extension of his intermittent FMLA leave was immediately granted and as of April 22, 2022, Plaintiff's intermittent FMLA period had been extended through October 26, 2022.

28. On or around May 8, 2022, shortly after Plaintiff's FMLA leave was extended, Defendant notified Plaintiff that he was being placed on an unpaid suspension pending an investigation into Plaintiff calling out from work on April 25, 2022 and April 26, 2022 to take care of his son.

29. Plaintiff was not given any details about the investigation into his April 26, 2022 absence.

30. In or around June 2022, Plaintiff was terminated for violating Defendant's attendance policy after allegedly accumulating attendance points (10) that exceeded the threshold for termination (9).

31. As mentioned above, at least five (5) of Plaintiff's attendance points were given for absences that should have been excused as approved time off and covered under his intermittent FMLA time.

32. At the time of his termination, Plaintiff still had over 300 hours of FMLA leave available.

33. It is believed and therefore averred that Defendant terminated Plaintiff's employment because Plaintiff attempted to exercise his rights under the FMLA to take leave in order to care for his son's serious health condition, and because Defendant was concerned that Plaintiff would continue to utilize his intermittent FMLA leave in the future.

34. As a result of Defendant's actions, Plaintiff was prevented from exercising his right to up to twelve (12) weeks of protected leave under the FMLA and denied reinstatement following his return from family leave.

35. It is believed and therefore averred that Defendant terminated Plaintiff's employment in retaliation for attempting to exercise his rights under the FMLA.

36. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, earnings and earnings potential, health and/or retirement benefits, loss of potential benefits, and other economic damages.

## COUNT I
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT
## 29 U.S.C. 2601, *et seq.*
## INTERFERENCE AND RETALIATION

37. Paragraphs 1 through 36 are hereby incorporated by reference as though the same were fully set forth at length herein.

38. Defendant is a "covered employer" under the FMLA and employed at least fifty (50) employees within a seventy-five (75) mile radius of Plaintiff's worksite for each working day in each of (20) or more calendar weeks in 2022, 2021, and 2020.

39. Plaintiff was an eligible employee under the FMLA and was entitled to take up to twelve (12) weeks of unpaid leave in order to care for his son's serious health condition.

40. Plaintiff provided adequate notice to Defendant of his need for a medical leave to care for his son's serious health condition by giving notice as soon as he became aware of the need and as soon as was practicable.

41. Defendant violated the FMLA by terminating Plaintiff for taking FMLA-qualifying leave and/or in retaliation for exercising his rights under the FMLA.

42. The aforementioned actions of Defendant constitute both interference and retaliation violations of the FMLA.

43. As a result of Defendant's actions, Plaintiff has suffered significant damages.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter a judgment in his favor and against Defendant, and grant him the maximum relief allowed by the law, including, but not limited to:

1) Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

2)	Monetary compensation for the amounts expended by Plaintiff on health insurance premiums;

3)	Liquidated damages;

4)	Plaintiff's costs, disbursements, and reasonable attorneys' fees incurred in prosecuting this action;

5)	Pre-judgment interest in an appropriate amount; and

6)	Such other and further relief as is just and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:	*/s/ Mary Kramer*
	Mary Kramer, Esq.
	Eight Penn Center, Suite 2000
	1628 John F. Kennedy Blvd.
	Philadelphia, PA 19103
	TEL: 267-273-1054
	FAX: 215-525-0210
	mkramer@phillyemploymentlawyer.com

Dated: December 22, 2022	Attorney for Plaintiff

7

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.